UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN L. FIELDS, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF COOK, SHERIFF OF COOK COUNTY, and ILLINOIS FRATERNAL ORDER OF POLICE, <br><br> Defendants. | Case No. 19-cv-02680 <br><br> Judge Martha M. Pacold |

**MEMORANDUM OPINION AND ORDER**

Calvin L. Fields filed this lawsuit *pro se* against Cook County, the Cook County Sheriff, and the Illinois Fraternal Order of Police Labor Council (the Union) regarding home check visits conducted by the Sheriff's Department and related matters. The Union and the Sheriff filed separate motions to dismiss, [17], [22], and Fields filed a motion to deny the motions to dismiss, [56]. As explained below, the Union's motion to dismiss is granted and the Sheriff's motion to dismiss is granted in part and denied in part. Fields's motion to deny the motions to dismiss is denied.

**Background**

The following factual allegations are taken from the complaint and attachments, unless otherwise noted, and accepted as true. Fields is a Cook County Deputy Sheriff assigned to the Court Services Division of the Sheriff's Department. [1] at 1.[1] The Union serves as the sole and exclusive representative for "all full-time employees in the Merit Board classification of Deputy Sheriff other than Police Officers and Correctional Officers, and excluding all confidential employees as determined by the Labor Board." [34-2] at 6, Collective Bargaining Agreement (CBA) § 1.1.[2]

---

[1] Bracketed numbers refer to docket entries. Page number citations refer to ECF page numbers.

[2] The court considers the CBA (and the home check side letter to the CBA, discussed below) without converting the motion to one for summary judgment because Fields relies on these

On March 14, 2018, Cook County and the Sheriff of Cook County entered into a CBA with the Union; there is no dispute that the CBA covers Deputy Sheriffs assigned to the Court Services Division, including Fields. [1] at 1; [34-2] at 6, 42. The CBA states that Cook County and the Sheriff are "joint employers of employees covered by this Agreement." [34-2] at 6.

The CBA includes various side letters. "Side Letter of Agreement #4," entitled "Home Checks," states:

> Any Deputy who calls in sick shall remain in his home for the duration of his missed shift. Any time he has to leave his home (i.e., doctor's appointment, pick up medicine, etc.) he must report this movement to the medical call in line. The Deputy must indicate the location of where he is going and the expected duration of the time away from home. The medical call in line may call his home or cell phone at any time to verify that he is at home. The Sheriff reserves the right to send duly authorized personnel to the Deputy's home to verify his location. Discipline for violations of this section shall be subject to Section 14.8 of this Agreement.

[34-2] at 58. Section 14.8 of the CBA (entitled "Discipline") discusses discipline generally, forms of discipline, including suspensions, and procedures for appealing discipline; for a suspension of up to and including 29 days, the available appeal procedures include the "Grievance Procedure" established in Article XI of the CBA. [34-2] at 23, 30–32.

Fields alleges that pursuant to the home check side letter, the Sheriff's Department came to his home when he called in sick and sought disciplinary actions against him for not being at his residence and / or available by phone. [1] at 1. Fields attached to the complaint several Cook County Sheriff's Office Home Check Disciplinary Action Forms corresponding to home checks on October 11, 2018, December 14, 2018, February 20, 2019, and March 19, 2019. The forms list progressive recommended discipline for each of the four occurrences: a 3-day suspension without pay for the October 11, 2018 occurrence, a 15-day suspension without pay for the December 14, 2018 occurrence, a 29-day suspension for the February 20, 2019 occurrence, and for the March 19, 2019 occurrence, "[a] complaint register shall be submitted to OPR seeking termination (Attached)" (the attachment is not included). [1] at 6–9. It is unclear from the complaint and

---

documents in his complaint, they are central to his claims, and Fields attaches them to his response brief. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

attached disciplinary forms whether discipline was ever imposed. The complaint does not allege that Fields had been suspended or terminated.[3]

Based on these allegations, Fields filed a three-count complaint. Fields filed the complaint *pro se*, but has since obtained counsel. [61]. Count 1 alleges that Cook County and the Sheriff violated the Fourth Amendment by implementing the home check side letter and coming to Fields's home when he called in sick. Count 2, brought under 42 U.S.C. § 1983, alleges that Cook County, the Sheriff, and the Union violated Fields's Fourteenth Amendment due process rights by seeking disciplinary action up to termination without providing a grievance hearing. Count 3 alleges that the Sheriff retaliated against Fields by seeking termination of his employment after he filed a charge with the ILRB. The Sheriff and the Union filed separate motions to dismiss. The Sheriff moves to dismiss Counts 1–3 and separately argues that Cook County should be dismissed. The Union moves to dismiss Count 2, the sole count brought against the Union.

## Discussion

### I. Count 1 (Fourth Amendment)

#### A. Venue

The Sheriff first argues that Count 1 should be dismissed pursuant to Rule 12(b)(3) because it is governed by the CBA's grievance process. [22] at 6–7.[4] In evaluating a Rule 12(b)(3) motion, the court construes all facts and draws reasonable inferences in favor of the plaintiff. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011).

Count 1 is very brief; it cites the Fourth Amendment and then states that by implementing the home check side letter to the CBA, Cook County and Sheriff Dart have violated Fields's Fourth Amendment rights, refers to Fields's "privacy at his residence," refers to his having notified defendants of his medical leave, and refers

---

[3] As noted below, the parties submitted a joint status report attaching the decision of an arbitrator reducing the discipline to "16 suspension days with options" [64-1]; but that does not substitute for allegations by Fields as to what ultimately occurred with respect to the suspensions, and Fields will have the opportunity to amend the complaint.

[4] The court assumes without deciding that Rule 12(b)(3) is an appropriate procedural vehicle for this request. *See Grasty v. Colorado Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015) ("[A]n agreement to arbitrate does not affect a district court's subject-matter jurisdiction. An arbitration clause is a type of forum-selection clause. Motions to compel arbitration thus concern venue and are brought properly under Federal Rule of Civil Procedure 12(b)(3), not Rule 12(b)(1).") (citations omitted); *Johnson v. Orkin, LLC*, 556 F. App'x 543, 544 (7th Cir. 2014) (same); *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011) (same).

3

to his medical leave having been earned and accrued. [1] at 2. The court construes the claim as brought pursuant to 42 U.S.C. § 1983.

The Sheriff contends that this claim is actually a breach of contract claim. To the extent that the claim is about whether Fields had earned or accrued sick leave, that would be correct. But the claim also cites the Fourth Amendment and refers to "privacy at [Fields's] residence," reflecting more than a breach of contract claim.

An agreement to arbitrate statutory claims is enforceable "so long as the collective bargaining agreement explicitly states that an employee must resolve his statutory as well as his contractual rights through the grievance procedure delineated in the collective bargaining agreement"; "[t]he language of the agreement in this regard must be clear and unmistakable." *Vega v. New Forest Home Cemetery, LLC*, 856 F.3d 1130, 1134 (7th Cir. 2017) (discussing *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), and other cases). Where "nothing in the language of the collective bargaining agreement clearly and unmistakably requires an employee to resolve a statutory claim through the grievance procedure," an employee is free to bring statutory claims in federal court without filing a grievance first. *Vega*, 856 F.3d at 1135.

By the terms of the CBA, the CBA's grievance procedures apply to "difference[s] between an employee or the Union and the employer with respect to the interpretation or application of, or compliance with the terms" of the CBA. [34-2] at 24 § 11.2 ("Definition" section defining "grievance"). To the extent that Count 1 alleges a miscalculation of accrued leave, that is a contention about misapplication of the terms of the CBA. But to the extent that Count 1 relies on the Fourth Amendment, and implicitly Section 1983, the CBA's grievance procedures do not clearly and unmistakably apply to such a claim. Accordingly, Fields's Fourth Amendment / Section 1983 claim will not be dismissed in favor of arbitration. *See Vega*, 856 F.3d at 1135; *Carver*, 172 F.3d at 516 ("On the other hand, the ISLRB is not empowered to hear a civil rights claim."); *see also Castro v. Dart*, No. 19-cv-00471, 2020 WL 5209805, at *5 (N.D. Ill. Sept. 1, 2020).

### B. Rule 12(b)(6)

Next, the Sheriff argues that Count 1 fails to state a claim. Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A *pro se* complaint must be construed liberally and "held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A *pro se* complaint need not plead legal theories; it is the facts that count. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010).

As noted above, Count 1 is very brief; it cites the Fourth Amendment (and implicitly relies on Section 1983) and then states that by implementing the home check side letter to the CBA, Cook County and the Sheriff have violated Fields's Fourth Amendment rights and refers to Fields's "privacy at his residence." [1] at 2.[5]

In the motion to dismiss, the Sheriff argues that Fields's claim fails to allege *Monell* liability and that it only alleges speculative harm because the home check side letter "simply requires that Plaintiff report his movement ('where he or she is going and the expected duration of the time away from home') when he calls in sick for an unscheduled day and is being compensated due to an illness." [22] at 8–10.

In the response brief, Fields cites *Pienta v. Vill. of Schaumburg, Ill.*, 710 F.2d 1258 (7th Cir. 1983). [34] at 8. Fields also argues that the home check side letter subjects people on sick leave to "house arrest" without a court order. [34] at 6.[6] *Pienta* considered regulations that confined employees of the Schaumburg Police Department on injury or sick leave to their homes, only allowed them to leave for medical reasons, and subjected them to calls and home visits. *Id.* at 1259–60. The employees brought various constitutional claims, including under the Fourth Amendment, the district court granted partial summary judgment for the plaintiffs, and the Seventh Circuit affirmed. *Id.* at 1259–61.

As to *Monell*, the Sheriff cites no authority indicating that a CBA cannot itself be the source of an express municipal policy, or at least support the plausibility of an allegation of a widespread custom or practice. Without such authority, the court declines to dismiss the claim. *See Castro v. Dart*, No. 19-CV-00471, 2020 WL 5209805, at *7 (N.D. Ill. Sept. 1, 2020). The Sheriff's other arguments distinguishing *Pienta* raise fact issues unsuitable for resolution at the

---

[5] Count 1 also cites Title VII, 42 U.S.C. § 2000e-2(a)(1)-(2), but the complaint includes no factual allegations in support of such a claim, and Fields will have an opportunity to replead.

[6] The court considers allegations in Fields's response brief to the extent they are consistent with his complaint. *See Geinosky*, 675 F.3d at 745 n.1 ("[A] party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove.")

pleading stage. *See Castro*, 2020 WL 5209805, at *6; *Spring-Weber v. City of Chicago*, No. 16-cv-08097, 2017 WL 1316267, at *5 (N.D. Ill. Apr. 10, 2017).[7]

Count 1 survives dismissal to the extent the claim relies on the Fourth Amendment.

## II. Count 2 (Fourteenth Amendment Due Process)

Count 2 alleges that the Sheriff, Cook County, and the Union denied Fields due process in violation of the Fourteenth Amendment and Section 1983 by progressively seeking disciplinary action up to termination without providing a grievance hearing. [1] at 2. The court addresses Count 2 with respect to the Union first and then with respect to the Sheriff.

### A. The Union

To the extent Count 2 alleges that the Union did not pursue a hearing on Fields's behalf, the claim appears to be one that the Union breached its duty of fair representation. The ILRB "has exclusive jurisdiction to hear unfair labor practice claims of Illinois state employees." *Carver v. Nall*, 172 F.3d 513, 516 (7th Cir. 1999). This includes claims that a union breached its duty of fair representation. *See Cessna v. City of Danville*, 693 N.E.2d 1264, 1268 (Ill. App. 1998); *see also Matthews v. Hughes*, No. 14-cv-07582, 2015 WL 5876567, at *5 (N.D. Ill. Oct. 5, 2015); *Harris v. Chicago Transit Auth.*, No. 14-cv-09106, 2015 WL 5307721, at *3 (N.D. Ill. Sept. 10, 2015); *Johnson v. City of Chicago*, No. 09-cv-07686, 2010 WL 3824115, at *3 (N.D. Ill. Sept. 22, 2010). If Fields is alleging that the Union did not pursue a hearing on his behalf, the claim falls within the exclusive jurisdiction of the ILRB and is dismissed for lack of subject matter jurisdiction.

To the extent that Count 2 alleges that the Union sought disciplinary action against Fields, the documents attached to the complaint and the CBA directly contradict this allegation. The attachments show that only Fields's employers (Cook County and the Sheriff), not the Union, sought disciplinary actions. [1] at 6–9. This is consistent with the CBA, which states, "[the Union] recognizes the exclusive rights of the Employer [Cook County and the Sheriff] to . . . discipline and suspend employees." [34-2] at 8.

In addition, Count 2 does not state a claim against the Union for the reasons discussed below with respect to the Sheriff.

---

[7] *Gilliam v. United Parcel Service, Inc.*, 233 F.3d 969 (7th Cir. 2000), and *Callison v. City of Philadelphia*, 430 F.3d 117 (3d Cir. 2005), involved the Family and Medical Leave Act, which is not at issue here.

Count 2 is dismissed with respect to the Union, without prejudice to any unfair representation claims Fields may seek to pursue before the ILRB.

### B. The Sheriff

As to the Sheriff (and the Union, as noted above), it is not clear whether Count 2 asserts a procedural or substantive due process claim.

To the extent Count 2 asserts a substantive due process claim, Count 2 does not state a claim. *See Campos v. Cook Cty.*, 932 F.3d 972, 977 (7th Cir. 2019).

To state a procedural due process claim, a party must allege: "(1) deprivation of a protected interest and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). Assuming without deciding that there is a protected property interest at issue, the complaint does not allege a deprivation of that interest. The complaint does not allege that Fields has been terminated, nor does it allege that the unpaid suspensions have actually been imposed. Instead, the documents attached to the complaint reflect that Fields was pursuing the grievance procedure with regard to the suspensions. The parties did submit a joint status report attaching the decision of an arbitrator reducing the discipline to "16 suspension days with options" [64-1], but that does not substitute for allegations in the complaint as to what ultimately occurred with respect to the suspensions. Thus, Count 2 does not plausibly allege a deprivation of a protected property interest. *See DeHart v. Town of Austin, Ind.*, 39 F.3d 718, 724 (7th Cir. 1994); *cf. Lawshe v. Simpson*, 16 F.3d 1475, 1480 (7th Cir. 1994).

Count 2 is dismissed with leave to replead.

## III. Count 3 (Retaliation)

In Count 3, Fields contends that the Sheriff retaliated against him for filing a charge with the ILRB. While brief, Count 3 appears to allege that upon Fields's filing with the ILRB, the Sheriff sought termination of Fields's employment. [1] at 3. Fields attached to the complaint the March 19, 2019 charge he filed with the ILRB against the Sheriff's Department and Cook County, requesting "the removal of any and all disciplinary actions pending" related to the October 11, 2018, December 14, 2018, and February 20, 2019 home checks and that all future home checks stop. [1] at 10–11.

A *pro se* complaint need not plead legal theories, *Norfleet*, 684 F.3d at 690, and Fields may be attempting to allege a First Amendment retaliation claim. But even construing the complaint liberally, the complaint lacks sufficient

7

allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.[8]

Count 3 is dismissed, but Fields will have the opportunity to file an amended complaint.

## IV. Cook County

Cook County did not file a motion to dismiss. The Sheriff's motion to dismiss states, "This motion is filed on behalf of the Cook County Sheriff's Office. To date, Plaintiff has only served the Cook County Sheriff's Office and has not served Cook County." [22] at 1 n.1. The Sheriff nonetheless argues that Cook County should be dismissed because Cook County is not a joint employer with the Sheriff. [22] at 3–5.

The status of service on Cook County is unclear. Fields filed the complaint on April 22, 2019. [1]. On May 28, 2019, Fields filed a motion to show compliance with Federal Rule of Civil Procedure 4(d), attaching waivers of service from the Union and the Sheriff, as well as a tracking sheet showing that delivery to Cook County was in process. [12]. A week later, on June 5, 2019, two attorneys filed their appearances on behalf of the Sheriff and Cook County. [15], [16]. Two weeks after that, on June 21, 2019, the court held a motion hearing and denied as moot Fields's motion to show compliance with Rule 4(d) [21] (Norgle, J.). Two days after that, the Sheriff filed the motion to dismiss, contending in a footnote that Cook County had not been served. [22] at 1 n.1. It is unclear whether the issue of service was resolved at the June 5, 2019 motion hearing. The parties are directed to confer regarding the status of service on Cook County and submit a joint status report by September 23, 2020 proposing next steps.

The Sheriff argues that Cook County is an improper defendant because Cook County is not a joint employer with the Sheriff. [22] at 3–4. The Sheriff contends that "Plaintiff, as a Sheriff's Deputy, is employed by the Cook County Sheriff's Office, not Cook County." [22] at 3. But the complaint, the CBA, and the home check side letter describe the County and the Sheriff as Fields's joint employers. [1] at 1; [34-2] at 6 (Preamble), 58 (home check side letter). Factual issues about the nature of the employment relationship cannot be resolved at the pleading stage. The Sheriff also contends that the Sheriff is an independently elected official who answers to the electorate of the county, not to the county board, and who is not employed by the county. But the Sheriff does not explain why these principles would prevent the Sheriff from jointly employing Fields alongside the County or entering into the CBA as a joint employer alongside the County.

---

[8] Count 3 cites 42 U.S.C. § 12203, the Americans with Disabilities Act's prohibition against retaliation, but the complaint includes no factual allegations that could support a claim under the ADA, and Fields will have an opportunity to replead.

8

**Conclusion**

The Union's motion to dismiss is granted. The Sheriff's motion to dismiss is granted with respect to Counts 2 and 3 and denied with respect to Count 1. Plaintiff is given until October 19, 2020 to file an amended complaint consistent with this opinion. Plaintiff's motion to deny the motions to dismiss is denied. The parties are directed to confer regarding the status of service on Cook County and submit a joint status report by September 25, 2020 proposing next steps on that matter.

Date: September 4, 2020             /s/ Martha M. Pacold